UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAN BROWN, individually and on behalf of those similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>DR SMOOD 1151 BROADWAY LLC, DR SMOOD 285 MADISON LLC, DR SMOOD 485 LEX LLC, DR SMOOD SOHO LLC, DR SMOOD ORCHARD LLC, DR SMOOD NEW YORK PRODUCTION LLC, RENE SINDLEV, individually, and PATRICIA MANICI SINDLEV, individually,<br><br>      Defendants. | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL** |

  PLEASE TAKE NOTICE that, on this date, Defendants Dr Smood 1151 Broadway LLC, Dr Smood 285 Madison LLC, Dr Smood 485 Lex LLC, Dr Smood Soho LLC, Dr Smood Orchard LLC, Dr Smood New York Production LLC[1], Rene Sindlev, and Patrizia Manici Sindlev[2] (together, "Defendants"), by and through their attorneys, Holland & Knight LLP, respectfully file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a)-(c), 1441(a)-(b), 1446, and 1453 because this is a putative class action where there is complete diversity between the named Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.

### RELEVANT FACTS

  1. On or about June 1, 2018, Plaintiff Equan Brown filed an action against Defendants by filing a Complaint (attached as <u>Exhibit A</u>) in the Supreme Court of New York, County of New York, Index No. 155146-2018. Plaintiff served Dr. Smood 285 Madison LLC

---

[1] Dr Smood New York Production LLC changed its entity name to Dr Smood New York LLC.
[2] Patrizia Manici Sindlev was incorrectly named "Patricia Manici Sindlez" in the captions of Plaintiff's summons and complaint.

only by serving the New York Secretary of State on June 8, 2018.

2. Plaintiff alleges claims under the New York Labor Law, and sought class certification of claims against Defendants for damages arising from allegedly improperly retaining a portion of tips earned by Plaintiff, *see* Compl. ¶ 42, and allegedly failing to provide an accurate wage statement, *see id.* at ¶ 46.

3. Plaintiff seeks to prosecute this action on behalf of a putative class consisting of all non-exempt hourly employees who worked for Defendants in the State of New York from June 1, 2012 forward. *See id.* at ¶ 19.

4. On August 6, 2018, Defendants, by and through their counsel, accepted service of the Complaint on behalf of all Defendants, and the parties agreed that all Defendants' time to answer or otherwise respond to the Complaint was extended until September 5, 2018.

5. As of September 5, 2018, no other pleadings or papers have been filed with the Supreme Court of the State of New York, and no other parties have been joined or served as defendants in this matter.

6. The United States District Court for the Southern District of New York embraces the place where the State Court Action is pending.

## TIMELINESS OF REMOVAL

7. The Complaint was not properly served on all defendants – only Dr. Smood 285 Madison LLC was properly served pursuant to the New York Civil Practice Law and Rules ("C.P.L.R.").

8. All other Defendants accepted service by and through their attorneys on August 6, 2018. Accordingly, the time to remove as required by 28 U.S.C. § 1446(b) was not triggered until August 6, 2018. *See, e.g., Struggs v. City of N.Y.*, 146 F. Supp. 3d 461, 463 (E.D.N.Y.

2015) ("district courts in this Circuit have generally applied the last-served defendant rule, in which defendants have thirty days form the date that the last defendant is served to file a notice of removal").  All Defendants, including Dr. Smood 285 Madison LLC, unanimously consent to the removal of this action. This Notice of Removal is, therefore, timely because it was filed within 30 days of the last Defendant's accepting service. *Id*.

## DIVERSITY REQUIREMENTS ARE MET

9.      This action is properly removable under 28 U.S.C. § 1441(a) because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>> (1) citizens of different States;
>>
>> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>>
>> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>>
>> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

### THERE IS COMPLETE DIVERSITY

10.     Plaintiff is a citizen of the State of New Jersey.  *See* Compl. at 1.

11.     Defendants Rene Sindlev and Patrizia Manici Sindlev are both citizens of the State of Florida.  (*See* Rene Sindlev Dec. ¶8.)

3

12. Defendant Rene Sindlev is the indirect majority owner of each of the defendant Dr Smood entities, Dr Smood 1151 Broadway LLC, Dr Smood 285 Madison LLC, Dr Smood 485 Lex LLC, Dr Smood Soho LLC, Dr Smood Orchard LLC, Dr Smood New York Production LLC, which have been merged into a single limited liability company. (Rene Sindlev Dec. ¶1.) Therefore, for diversity purposes, each of the defendant limited liability companies is a citizen of the State of Florida. *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000).

13. Accordingly, there is complete diversity as required by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. Plaintiff's individual claim seeks damages in excess of $75,00, and therefore the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(d)(2), *Achtman v. Kirby, McInerney & Squires, LLP*, 404 F .Supp. 2d 540, 547 (S.D.N.Y. 2005) ("Only one diverse plaintiff need meet the $75,000 amount-in-controversy requirement . . . .").

15. Plaintiff claims compensatory damages based on Defendants' alleged willful unlawful retainer of credit card tips totaling $22,655 over six months. (Compl. ¶ 39.)

16. Plaintiff was actually employed by Defendants for at least seven months. (Rene Sindlev Dec. ¶ 12.) Extrapolating Plaintiff's demanded compensatory damages across the seven months he was employed by Defendants, Plaintiff's compensatory damages equal at least $26,430. *See Ramirez v. Oscar De La Renta, LLC*, No. 16-7855, 2017 WL 2062960, at *2 (S.D.N.Y. May 12, 2017) (accepting extrapolation of damages pled to determine amount in controversy).

17. Plaintiff also seeks liquidated damages, *see id.* at Prayer for Relief ¶ 5, which are

an available remedy pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-a) (allowing recovery of 100% of unpaid wages as liquidated damages). Liquidated damages are considered in determining the amount in controversy where sought in the Complaint. *Cf. Ramirez*, No. 16-7855, 2017 WL 2062960, at *6) (not considering liquidated damages in amount in controversy where plaintiff waived).

18. Additionally, Plaintiff claims statutory penalties of $250 for each day Defendants allegedly failed to provide plaintiff with an accurate wage statement up to a maximum of $5,000. *Id.* at ¶ 48. As Plaintiff alleges Defendants' unlawful activity spanned at least seven month, Plaintiff seeks the $5,000 maximum statutory penalty. *See Ramirez v. Oscar De La Renta, LLC*, No. 16-7855, 2017 WL 2062960, at *6 (S.D.N.Y. May 12, 2017) (calculating amount in controversy to include statutory damages under New York Labor Law).

19. Finally, courts in this District recognize that attorneys' fees calculated at 30% of a plaintiff's total recovery may be factored in determining the amount in controversy. *See id.*

20. The amount in controversy, based on Plaintiff's individual damages, is at least $75,218.

## REMOVAL IS PROPER

21. Accordingly, this case is properly removable as the parties are completely diverse and the amount in controversy is met.

22. Defendants reserve all rights, claims, and defenses relative to the action filed by Plaintiff and expressly does not waive any defense available in filing this notice.

23. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal upon all parties and shall promptly serve a copy thereof upon the clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, defendants Dr Smood 1151 Broadway LLC, Dr Smood 285 Madison LLC, Dr Smood 485 Lex LLC, Dr Smood Soho LLC, Dr Smood Orchard LLC, Dr Smood New York Production LLC, Rene Sindlev, and Patrizia Manici Sindlev, respectfully request that the matter designated by the Complaint be removed to the United States District Court for the Southern District of New York, and proceed before this Court as an action properly removed.

Dated: September 4, 2018
      New York, New York

                                           Respectfully submitted,

                                           HOLLAND & KNIGHT LLP

                                           /s/ Loren L. Forrest, Jr.
                                           Loren L. Forrest, Jr.
                                           Katherine H. Marques
                                           Qian (Sheila) Shen
                                           31 West 52nd Street
                                           New York, New York 10019
                                           Tel. (212) 513-3200
                                           Fax  (212) 385-9010
                                           loren.forrest@hklaw.com
                                           katherine.marques@hklaw.com
                                           qian.shen@hklaw.com

                                           *Attorneys for Defendants*

#59741820_v3