UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EQUAN BROWN, on behalf of himself and all others similarly situated,

                Plaintiff,

-v.-

DR SMOOD 1151 BROADWAY LLC, DR SMOOD 285 MADISON LLC, DR SMOOD 485 LEX LLC, DR SMOOD SOHO LLC, DR SMOOD ORCHARD LLC, DR SMOOD NEW YORK PRODUCTION LLC, RENE SINDLEV, individually, and PATRIZIA MANICI SINDLEV, individually,

                Defendants.

18 Civ. 8038 (KPF)

ORDER CONFIRMING CERTIFICATION OF CLASS ACTION AND GRANTING FINAL APPROVAL TO SETTLEMENT

---

KATHERINE POLK FAILLA, District Judge:

    On April 4, 2019, the Parties to this action entered into a Joint Stipulation of Settlement and Release (the "Agreement") (Dkt. #28-3) and they applied for preliminary of the agreement and the terms thereof (Dkt. #28-1). On April 9, 2019 this Court granted preliminary approval to the Agreement, and provisionally certified the Class under Rule 23 of the Federal Rules of Civil Procedure (Dkt. #29). This Court subsequently directed that notice of the Agreement, its terms, and the applicable procedures and schedules be provided to the Class. All Class Members were given an opportunity to object to the settlement and/or opt out of it.

    On September 12, 2019 the Parties jointly filed a motion for Judgment and Final Approval (the "Final Approval Motion"). The Court held a hearing on that motion on September 19, 2019. And, on September 12, 2019, Class

Counsel filed a Motion for an Award of Attorneys' Fees and Costs, which Defendants did not oppose. Also on September 12, 2019 the Named filed a separate Motion for Award of Service Payment, which Defendants did not oppose. The Parties agree that both motions are to be considered by the Court separately from the Final Approval Motion. The Court held a hearing on these separate motions on September 19, 2019.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement the Final Approval Motion, as well as the Parties' briefs, declarations, and arguments in support of that motion, and the proceedings in this Litigation to date, that:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all terms set forth in the Agreement;

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties;

3. This Court confirms as final its provisional certification under Fed. R. Civ P. 23(a) and (b)(3) of the Class solely for purposes of settlement and based on its findings in the Court's April 9, 2019 Order. The Class raises the state law class claims identified in the Complaint.

4. The Court confirms as final the appointment of Equan Brown as class representative.

5. The Court likewise confirms as final the appointment of Bouklas Gaylord LLP as Class Counsel

6. If, for any reason, this Final Approval Order and the final judgment entered, for settlement purposes only, concurrently herewith do not become Final, this Final Approval Order, including the certification of the Class under Rule 23, and the grant of final certification of the Participating Claimants, shall be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

7. The Notices to Class Members, pursuant to this Court's April 9, 2019 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8. The Court approves the Parties' retention of A.B. Data, LTD. as Settlement Claims Administrator.

9. This Court grants final approval to the Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Named Plaintiff all Class Members as no Class Members timely opted out pursuant to the procedures set forth in this Court's April 9, 2019 Order and the Agreement.

The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

10. By operation of the entry of this Order, the following claims are fully, finally and forever released, relinquished and discharged: (1) all claims described in Sections 1.23 and 1.24 of the Agreement in accordance with Section 9 of the Agreement; and (2) all claims in the individual release executed by Brown as part of the Agreement. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Fed. R. Civ. P. 23 and all other applicable law.

11. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admits any violation of law or any liability whatsoever to Named Plaintiff and the other Class Members, individually or collectively, liability being expressly denied by Defendants.

12. The parties are ordered to carry out the settlement according to the terms of the Agreement

13. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Class Counsel's Motion for an Award of Attorneys' Fees and Costs, as well as Class Counsel's briefs, declarations, and oral argument in support of that motion, that:

14. The Court grants to Class Counsel an award of attorneys' fees and costs of $87,463.47. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

15. This fee award supersedes and extinguishes any prior agreement between Class Counsel and Named Plaintiff and/or other Class Members concerning attorneys' fees and costs associated with the Litigation, and it shall be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Named Plaintiff, the Current and the Class.

FINALLY, IT IS HEREBY ORDERED, upon consideration of the Motion Award of Service Payments, as well as their brief, declaration and oral argument in support of that motion, that:

16. Service payment of $5,000 to Equan Brown is approved. Such service payment is in addition to the amount Brown will otherwise be eligible to receive as his share of the recovery. Such service payments are to compensate Brown for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

SO ORDERED.

Dated: September 19, 2019
        New York, New York

                                               KATHERINE POLK FAILLA
                                               United States District Judge